UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEREMIAH MANNING,  Case No. 2:25-cv-00131

    Plaintiff,  Hon. Jane M. Beckering
                                                U.S. District Judge

v.

UNKNOWN PARTY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff in this matter – Chippewa County Jail inmate Jeremiah Manning – filed a letter with the Court asking for help. (ECF No. 1.) The letter has been filed as a complaint. In the letter, Manning says that he moved to Chippewa County in 2018 and has been jailed every year since he arrived. Manning says that he is currently serving a 10-month sentence for stalking. (*Id.*, PageID.2.) He also claims that he is being maliciously prosecuted for domestic violence although he has done nothing wrong. (ECF No. 8, PageID.24.) Manning does not assert any legal claims but he asks the Court to investigate and to stop the state prosecution.[1] (*Id.*)

On June 27, 2025, Manning was granted *in forma pauperis* status. (ECF No. 7.)

---

[1] Manning has filed a copy of the October 10, 2024, 91st Judicial District Court hearing transcript showing that Judge Blubaugh concluded that there existed probable cause to bind Manning over on the charge of domestic violence. (ECF No. 8-1.)

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Manning asks the Court to interfere with his ongoing state criminal proceeding. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44–55. This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to

harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Manning alleges that his case is pending in state court.[2] Second, Manning's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims.

## IV. Recommendation

Accordingly, it is respectfully recommended that the Court dismiss the complaint for failure to state a claim on which relief may be granted.

Dated: July 28, 2025            /s/ *Maarten Vermaat*
                                MAARTEN VERMAAT
                                U. S. MAGISTRATE JUDGE

---

[2] Manning also claims that he was convicted of stalking and is currently appealing that conviction. (ECF No. 1, PageID.2.)

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).